**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Steven Eugene CLOUSE, Defendant–Appellant.**

**No. 01CA0725.**

Colorado Court of Appeals, Div. II.

Aug. 15, 2002.

Rehearing Denied Jan. 9, 2003.

Certiorari Denied July 21, 2003.

Ken Salazar, Attorney General, Christine C. Brady, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Steven Eugene Clouse, Pro Se.

Opinion by Judge DAILEY.

Defendant, Steven Eugene Clouse, appeals the trial court's order denying his second motion for Crim. P. 35(c) relief. We affirm part of the order, vacate part of it, and remand for further proceedings.

In 1990, defendant was convicted of two counts of second degree burglary, three counts of theft, one count of second degree forgery, and one count of first degree criminal trespass. Upon being adjudicated an habitual offender, he was sentenced to life imprisonment. A division of this court af-firmed his convictions and sentence on direct appeal in *People v. Clouse,* 859 P.2d 228 (Colo.App.1992), and, after the supreme court denied certiorari review, the mandate issued on October 18, 1993.

In 1994, defendant, while represented by counsel, filed a Crim. P. 35(c) motion, asserting seventeen grounds for postconviction relief, including ineffective assistance of trial and appellate counsel. After conducting an evidentiary hearing, the trial court, on July 13, 1995, denied defendant relief other than to make his life sentence in this case concurrent with, rather than consecutive to, a life sentence in another case. A division of this court affirmed the trial court's ruling in *People v. Clouse,* (Colo.App. No. 95CA1444, Jan. 23, 1997)(not selected for official publication), and the mandate issued on October 3, 1997.

On September 21, 1998, defendant filed a second Crim. P. 35(c) motion, alleging (1) further ineffectiveness of trial and appellate counsel, (2) ineffectiveness of postconviction counsel, and (3) illegality of his habitual criminal sentence. Thereafter, he filed amended motions for postconviction relief on July 24, 2000 and March 14, 2001. In the amended motions, defendant included an additional claim of newly discovered evidence, as well as additional claims of ineffective assistance of postconviction counsel.

The trial court denied defendant's motions on the following grounds: (1) his claims, other than those pertaining to ineffective assistance of postconviction counsel, were successive in nature and time barred under § 16–5–402(1), C.R.S.2001; and (2) his ineffective assistance of postconviction counsel claims were time barred under § 16–5–402(1) because they were not brought within three years of the trial court's denial of postconviction relief.

Defendant now appeals.

**I.**

■ Initially, we reject defendant's assertion that his motions were not subject to the three-year limitation period prescribed by § 16–5–402(1).

Section 16–5–402(1) provides time limits for pursuing collateral attacks "following the

date of ... conviction" for all crimes except "class 1 felonies." Here, defendant was not convicted of a class 1 felony; his most serious conviction was for the crime of second degree burglary involving a dwelling, a class 3 felony.

For purposes of § 16–5–402(1), it does not matter that defendant, as an habitual offender, was sentenced, like a class 1 felon, to life imprisonment. Had the General Assembly intended the result urged by defendant, it would have referred to offenders subject to life sentences instead of offenders convicted of class 1 felonies. *See Mason v. People*, 932 P.2d 1377, 1380 (Colo.1997)(interpreting speedy trial statute); *see also People v. J.J.H.*, 17 P.3d 159, 162 (Colo.2001)(courts should not presume that the legislature used language idly).

■ We also reject defendant's assertion that the § 16–5–402(1) time bar is inapplicable to his claim of an "illegal" sentence because, under Crim. P. 35(a), there is no time limit for challenging an "illegal" sentence. According to defendant, his sentence is "illegal" because: (1) his "life" sentence with possibility of parole is not authorized by statute; (2) the statutorily authorized sentence is imprisonment for "the term of [defendant's] natural life" under Colo. Sess. Laws 1981, ch. 200, § 16–13–101(2) at 948; and (3) the statutorily authorized sentence is unconstitutional in that it is disproportionately harsh for the crimes he committed.

■ Contrary to defendant's assertion, a person sentenced to life imprisonment under the applicable version of the habitual criminal statute is eligible for parole after forty years. *See People v. Gaskins*, 825 P.2d 30, 32–33 (Colo.1992). Further, § 16–5–402(1) applies to proportionality reviews of habitual criminal sentences; consequently, the remedy defendant requests is subject to the § 16–5–402(1) time bar. *See People v. Talley*, 934 P.2d 859, 860 (Colo.App.1996). *See also People v. Green*, 36 P.3d 125, 126–28 (Colo.App. 2001)(§ 16–5–402(1) time bar applicable to defendant's postconviction claim because it was not, in reality, a claim for the correction of an illegal sentence).

In sum, we conclude that defendant's motion was subject to the three-year limitation period of § 16–5–402(1), and because that period commenced upon the completion of defendant's direct appeal, *see People v. Hampton*, 876 P.2d 1236, 1240–41 (Colo.1994)(construing the term "conviction" in § 16–5–402), it expired, absent statutory exception, on October 18, 1996, three years after the issuance of the mandate in that appeal.

**II.**

■ Defendant contends that the § 16–5–402(1) limitation period was tolled while he litigated his earlier motion for postconviction relief. We disagree.

■ Recently, another division of this court concluded that neither the timely commencement of a collateral attack, nor the pendency of an appeal from the denial of Crim. P. 35(c) relief, tolls the limitation period with respect to later asserted postconviction claims. *People v. Ambos*, 51 P.3d 1070, 1072 (Colo.App.2002). The logical corollary to this decision is that the § 16–5–402(1) limitation period is not tolled during the litigation of a postconviction relief motion. Because we agree with this decision and its logical corollary, we conclude that defendant cannot prevail on this point.

Defendant's reliance on 28 U.S.C. § 2244(d)(1), for a contrary result, is misplaced. Section 2244(d)(2) expressly excludes "[t]he time during which a properly filed application for State post-conviction ... review ... is pending" from the time within which a state prisoner must file a petition for federal habeas corpus relief. In contrast, by its terms, § 16–5–402(1) does not exclude any period from computation of the time bar. Nor does it contain any "tolling" language. Rather, § 16–5–402(2)(d), C.R.S.2001, provides only that a court may hear a collateral attack commenced after the limitation period if a defendant's "failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect."

## III.

Defendant next contends that the trial court erred in concluding that he had failed to establish justifiable excuse or excusable neglect for the untimely filing of his motions. We are not persuaded as to defendant's newly discovered evidence and sentencing claims, but conclude that further proceedings are necessary to resolve the other claims.

A defendant must allege in a Crim. P. 35 motion facts that, if true, would establish justifiable excuse or excusable neglect for a belated filing. *People v. Wiedemer*, 852 P.2d 424, 440 n. 15 (Colo.1993); *People v. Xiong*, 940 P.2d 1119, 1119–20 (Colo.App.1997).

In *People v. Wiedemer, supra*, 852 P.2d at 441–42, the supreme court set forth the following factors to consider in assessing the issue of justifiable excuse or excusable neglect: (1) whether circumstances or outside influences prevented a challenge to the prior conviction; (2) whether a defendant who had reason to question the constitutionality of a conviction investigated its validity and took advantage of avenues of relief that were available; (3) whether the defendant either knew that the conviction was constitutionally infirm or had reason to question its validity; (4) whether the defendant had other means of preventing the government's use of the conviction so that a postconviction challenge was previously unnecessary; (5) the time between the date of conviction and the defendant's challenge; and (6) the effect that such period has on the state's ability to defend against the challenge.

Whether a defendant has demonstrated justifiable excuse or excusable neglect is a question of fact to be resolved by the trial court, whose ruling we will not overturn if the record supports its findings. *People v. Wiedemer*, supra; see also *People v. Vigil*, 983 P.2d 805, 810 (Colo.App.1999).

### A.

Defendant contends that justifiable excuse or excusable neglect existed with respect to the belated filing of his claims of newly discovered evidence and disproportionate sentencing. We disagree.

Here, defendant alleged that his incarceration and indigence hindered his ability to find the new evidence. However, the alleged newly discovered evidence pertains to newspaper articles and related police reports of burglaries committed by others. Defendant recounted that his mother found the newspaper articles in July 2000. He acknowledged, however, that the articles and the newspaper were known to him before his 1990 trial. And, although he alleged that his trial counsel had been unable to find the articles, he proffered no reason why the articles or the related police reports could not have been discovered by himself or others before 2000.

Consequently, we conclude that the trial court did not err in finding no justifiable excuse or excusable neglect for defendant's belated claim of newly discovered evidence. *See People v. Ambos, supra; People v. Vigil, supra*, 983 P.2d at 809–10 (incarceration not justifiable excuse or excusable neglect); *People v. Vigil*, 955 P.2d 589, 591–92 (Colo.App.1997)(indigence and lack of legal assistance do not constitute excusable neglect).

We reach a similar conclusion with respect to defendant's illegal sentence claim, which, in any event, lacks substance. That claim is premised upon 1985 and 1990 statutes and defendant proffered no reason, except wholly conclusory allegations about ineffective counsel, why he could not have brought this claim by October 1996.

### B.

Defendant relies upon more concrete assertions of ineffective assistance of postconviction counsel as justifiable excuse or excusable neglect for his failure to assert earlier his additional claims of ineffective assistance of trial and appellate counsel. He argues that he could not have previously pursued the numerous additional claims relating to trial error and ineffectiveness of trial and appellate counsel except through postconviction counsel and that he could not have known, until the end of the prior postconviction relief proceedings, that postconviction counsel would be ineffective for failing to raise those claims. We conclude that further proceedings are necessary.

In *People v. Hickey*, 914 P.2d 377, 378–79 (Colo.App.1995), a division of this court held

that, because convicted defendants have a limited statutory right to counsel in postconviction proceedings, they also have the right to the effective assistance of counsel in such proceedings. Other divisions of this court have agreed with *Hickey,* recognizing both: (1) a defendant has a right to bring ineffective assistance of postconviction counsel claims in Crim. P. 35(c) motions, *People v. Fitzgerald,* 973 P.2d 708, 712 (Colo.App. 1998); and (2) a Crim. P. 35(c) motion raising such a claim was not successive in nature to a defendant's first Crim. P. 35(c) motion. *People v. Russell,* 36 P.3d 92, 94 (Colo.App.2001).

Because, however, a defendant's right to raise claims of ineffective postconviction counsel could lead to postconviction proceedings ad infinitum, *see, e.g., Gibson v. Turpin,* 270 Ga. 855, 861, 513 S.E.2d 186, 191 (1999); *Bejarano v. Warden,* 112 Nev. 1466, 1470–71, 929 P.2d 922, 925–26 (1996), and be subject to misuse as a mechanism for avoiding the requirements of § 16–5–402, claims of ineffective postconviction counsel must themselves be timely asserted and pleaded with reasonable specificity.

The timeliness of those claims was not addressed in *Hickey, Fitzgerald,* or *Russell,* although it appears, from the factual recitations therein, that the claims were either initiated or to be initiated after the conclusion of postconviction relief appeals.

Here, as in the trial court, the parties agree that the limitation period under § 16–5–402(1) for raising claims of ineffective postconviction counsel commences upon the completion of postconviction proceedings. They differ, however, as to the appropriate commencement date, the People arguing for the date the trial court denies relief, and defendant arguing for the date mandate issues in the postconviction appeal.

We, like the parties, recognize the impossibility of asserting ineffective postconviction counsel claims until the conclusion of postconviction proceedings. However, by its terms, § 16–5–402(1) does not allow additional time for the completion of postconviction proceedings. Instead, it requires that all collateral attacks be brought within a certain period of time from the date of "conviction," unless "justifiable excuse or excusable neglect" is demonstrated.

Because in many instances postconviction proceedings will consume and even exceed the limitation period as measured from the date of conviction, we conclude that timeliness of ineffective postconviction counsel claims must ordinarily be assessed under the rubric of justifiable excuse or excusable neglect. However, in this context, the justifiable excuse or excusable neglect analysis begins with the premise that ineffective postconviction counsel claims cannot be asserted until after timely postconviction relief proceedings and appeals therefrom are exhausted. Thereafter, the time to assert ineffective postconviction counsel claims should be assessed in light of the *Wiedemer* justifiable excuse or excusable neglect factors.

When so considered, defendant's September 21, 1998 motion may have been timely. But, because the motion contained only conclusory allegations of ineffective postconviction counsel, it was still subject to summary dismissal by the trial court. *See White v. Denver District Court,* 766 P.2d 632, 635 (Colo.1988)(in a Crim. P. 35(c) motion, a defendant must allege facts that, if true, would provide a basis for relief).

Defendant's allegations became progressively more concrete, comprehensive, and inclusive of most, if not all, his other claims with each succeeding amended motion. Yet, he proffered no reason in those amended motions why he could not have presented his concrete allegations of ineffective postconviction counsel any earlier than July 2000 or March 2001, nearly three to three and a half years, respectively, after the completion of his postconviction appeal.

Still, we are reluctant to conclude, as a matter of law, that justifiable excuse or excusable neglect did not exist for the timing of defendant's belated concrete allegations of ineffective counsel. The representation of defendant by counsel for part of that time, as well as the court's permission to file one, if not two, amendments to the original motion, could conceivably constitute sufficient justifiable excuse or excusable neglect.

Because the issue of justifiable excuse and excusable neglect is ordinarily a question of fact, we remand the case to the trial court for its determination whether justifiable excuse or excusable neglect existed for filing suffi-

cient allegations of ineffective counsel in 2000 and 2001. If the court determines that justifiable excuse or excusable neglect existed for those filings, then the court should determine the merits of defendant's ineffective postconviction counsel claims; and if ineffective assistance of postconviction counsel is demonstrated, then the court should reopen the original postconviction proceedings for consideration of those alleged new claims whose consideration was otherwise previously precluded by postconviction counsel's ineffectiveness.

The order is affirmed with respect to the denial of defendant's newly discovered evidence and illegal sentence claims; otherwise, the order is vacated, and the case is remanded for further proceedings consistent with the views expressed in this opinion.

Judge TAUBMAN and Judge PLANK,* concur.