**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BENJAMIN ABEYTA,

      Petitioner - Appellant,

v.

AL ESTEP, Warden, L.C.F.;
COLORADO ATTORNEY
GENERAL,

      Respondents - Appellees.

No. 06-1220
(D.C. No. 04-CV-00177-MSK-BNB)
(D. Colo.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Petitioner-Appellant Benjamin Abeyta, a state inmate appearing pro se, seeks a certificate of appealability ("COA") allowing him to appeal from the district court's order denying relief on his habeas petition pursuant to 28 U.S.C. § 2254. Mr. Abeyta also has moved to hold his appeal in abeyance pending resolution of Silva v. People, No. 05SC519, 2006 WL 1643229 (Apr. 17, 2006), currently pending before the Colorado Supreme Court.[1] Because Mr. Abeyta has

---

[1] The Colorado Supreme Court has granted certiorari to determine "[w]hether Petitioner has a constitutional right to assistance of counsel in pursuit

failed to make a "substantial showing of the denial of a constitutional right," <u>see</u> 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000), we deny the COA and dismiss the appeal. Any affect of the Colorado Supreme Court's decision in <u>Silva</u> is properly a matter for Mr. Abeyta to pursue in the Colorado state courts. Accordingly, his motion to hold in abeyance will be denied.

On August 10, 1998, Mr. Abeyta was convicted by a jury of second-degree burglary and theft. The state court determined that Mr. Abeyta was a habitual criminal and sentenced him to a term of 48 years imprisonment. On direct appeal, the Colorado Court of Appeals affirmed the convictions, and, in April 2000, the Colorado Supreme Court denied certiorari. Subsequently, the state trial court denied Mr. Abeyta's motion for post-conviction relief, which the Colorado Court of Appeals affirmed. In December 2003, the Colorado Supreme Court again denied certiorari.

Mr. Abeyta then filed a § 2254 habeas petition. Mr. Abeyta's petition contained seven claims:

1) The state failed to disclose exculpatory evidence in violation of Mr. Abeyta's Fourteenth Amendment right to a fair trial.

2) Mr. Abeyta's Fifth, Sixth, and Fourteenth Amendment rights were

---

of postconviction relief." <u>Silva</u>, 2006 WL 1643229, at *1 (Apr. 17, 2006). Mr. Abeyta contends that the outcome of <u>Silva</u> may affect claims 1 through 3 of his § 2254 petition.

- 2 -

violated when a juror was removed for cause at the prosecution's request despite defense counsel's objections and without allowing defense counsel to rehabilitate the juror.

3) His Fourteenth Amendment right to due process was violated because insufficient evidence existed to find that he was a habitual criminal.

4) His Fifth, Sixth, and Fourteenth Amendment rights were violated because he was adjudged a habitual criminal by the court instead of by a jury.

5) That, contrary to <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), the trial court failed to suppress certain statements made by him to the police while in custody.

6) Mr. Abeyta's trial counsel was ineffective because he failed to investigate alibi witnesses and because he failed to request recusal of the trial judge or a change in venue when the trial judge indicated a bias against Mr. Abeyta.

7) Mr. Abeyta's Fourteenth Amendment rights were violated when the State of Colorado refused to provide him with counsel to assist with a post-conviction claim for ineffective assistance of counsel.

R. Doc. 34 at 4-5. Upon recommendation of the magistrate judge, and over Mr. Abeyta's objection, the district court denied the petition. R. Docs. 28, 34. The district court determined that claims 1-3 were not fairly presented to the state

courts, would now be procedurally barred, and that Mr. Abeyta had not shown cause or a fundamental miscarriage of justice to excuse his procedural default. The district court rejected ineffective assistance of appellate counsel as grounds for cause because that claim had not been presented as an independent claim before the state courts. Claims 4-6 were rejected on the basis that the state courts' adjudication of these issues was consistent with 28 U.S.C. § 2254(d)(1) & (2). Claim 7 was rejected for want of a federal constitutional claim.

On appeal, Mr. Abeyta argues that (1) the district court abused its discretion by not granting a stay as to claims 1-3 so he could exhaust his state remedies. He argues that pursuant to Colo. Rev. Stat. § 16-5-402(2)(d) he could have exhausted those claims upon a showing of justifiable excuse or excusable neglect, see People v. Clouse, 74 P.3d 336, 340 (Colo. Ct. App. 2002), or that in the alternative, the district court should have excused the procedural default because it occurred when he had a right to counsel on direct appeal. He further argues that (2) Almendarez-Torres v. United States, 523 U.S. 224 (1998), is no longer viable, thus requiring a jury finding before one can be adjudged a habitual criminal under Colorado law, (3) his Fifth and Sixth Amendment rights were violated by police misconduct, and the state fact-finding was not reliable, (4) he received ineffective assistance of trial counsel based on a failure to conduct reasonable investigations and discover exculpatory evidence, and (5) under Colorado law, he could not have presented an ineffective assistance of counsel

claim on direct appeal, accordingly, he has a constitutional right to assistance of counsel in his first collateral attack.

We do not think that the district court's resolution of the claims in Mr. Abeyta's habeas petition is reasonably debatable, and the claims raised on appeal do not alter that conclusion. We comment briefly on Mr. Abeyta's challenge to the district court's determination that claims 1-3 should be considered procedurally barred. Mr. Abeyta suggests that the district court should have stayed his habeas petition so he could seek to exhaust claims 1-3 in the Colorado courts. "[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines v. Weber, 544 U.S. 269, 277 (2005). Additionally, the petitioner must demonstrate the claims are potentially meritorious. Id. at 278.

Mr. Abeyta argued in his objections to the magistrate's recommendation that the Colorado courts might excuse the state time-bar; thus, it might be possible to exhaust claims 1-3 and avoid having them considered procedurally barred. R. Doc. 30 at 3, Doc. 32 at 1-2. The district court was well within its discretion to decide that Mr. Abeyta's reasons given for failure to exhaust–including difficulty obtaining the record in his first state post-conviction matter, lack of library access, and lack of counsel–did not constitute a sufficient showing of justifiable excuse or excusable neglect, let alone good cause (factually or legally) for the failure to exhaust. Although Mr. Abeyta faults the district

court for not notifying him that he had the option to proceed on the exhausted claims or dismiss his entire petition without prejudice, the district court proceeded in a reasonable manner given the one-year limitation period, 28 U.S.C. § 2244(d)(1), and its rejection of a stay.

We must also consider Mr. Abeyta's motion to hold this appeal in abeyance until the Colorado Supreme Court issues its opinion in Silva. No federal constitutional right to counsel exists in post-conviction collateral attacks. Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987); United States v. Prows, 448 F.3d 1223, 1229 (10th Cir. 2006). Should the Colorado Supreme Court find, in Silva, that prisoners posses the right to counsel as a matter of state constitutional law, Mr. Abeyta may pursue any proper remedies in state court. Because § 2254 is limited to violations of federal law, the outcome in Silva is irrelevant to Mr. Abeyta's federal habeas petition.

We GRANT IFP status, DENY the motion to hold in abeyance, DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge