22CA1905 Peo v McCoy 07-03-2024 COLORADO COURT OF APPEALS Court of Appeals No. 22CA1905 Boulder County District Court No. 11CR126 Honorable Norma A. Sierra, Judge The People of the State of Colorado, Plaintiff-Appellee, v. David Keith McCoy, Defendant-Appellant. ORDER REVERSED AND CASE REMANDED WITH DIRECTIONS Division II Opinion by JUDGE GROVE Fox and Sullivan, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 3, 2024 Philip J. Weiser, Attorney General, Brittany Limes Zehner, Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee David Keith McCoy, Pro Se
1 ¶ 1 Defendant, David Keith McCoy, appeals the district court’s summary denial of his second Crim. P. 35(c) postconviction motion. We reverse the district court’s order and remand for further proceedings. I. Relevant Facts and Procedural History ¶ 2 McCoy’s appeal comes before us following his 2012 conviction and his first postconviction proceeding that began in 2017. This second postconviction proceeding began in 2021. A. Plea, Sentencing, and Direct Appeal ¶ 3 In 2012, McCoy pleaded guilty to conspiracy under the Colorado Organized Crime Control Act and possession with intent to manufacture or distribute between 25 and 450 grams of a schedule II controlled substance. In exchange for his guilty plea, the prosecution agreed to dismiss the remaining twenty-seven counts, including a special offender count and five habitual criminal counts. The parties stipulated that the court would sentence McCoy to thirty-five years in prison, and the court sentenced him in accordance with that agreement. ¶ 4 McCoy directly appealed his sentence, arguing that the district court did not make sufficient factual findings to support it and that 
2 the court should not have relied on his prior convictions to impose an aggravated range sentence without an accompanying jury finding. A division of this court affirmed McCoy’s sentence. People v. McCoy, (Colo. App. No. 12CA2651, July 17, 2014) (not published pursuant to C.A.R. 35(f)). B. First Postconviction Proceeding ¶ 5 In 2017,
1 McCoy’s retained counsel, Thomas E. Henry, filed a Crim. P. 35(c) motion that argued plea counsel had been constitutionally ineffective. Specifically, Henry’s motion contended that plea counsel had • enlisted a codefendant and McCoy’s sister to convince McCoy to take the plea offer; • misled McCoy about the extent of her investigation, including telling him that (1) the dispatch and traffic stop recordings had been lost when she had never asked the 1 McCoy originally filed a pro se Crim. P. 35(c) motion in 2015 but asked the district court to either stay the proceeding or withdraw the 2015 motion without prejudice so that he could hire private counsel. The district court permitted McCoy to withdraw his 2015 motion and granted him leave to refile a Crim. P. 35(c) motion so long as it was timely. 
3 prosecution for them and (2) the codefendant and McCoy’s sister had no evidence that could help his case; • misled McCoy about the legal arguments available to him, including telling him that (1) there was no need to file pretrial motions or raise evidentiary issues and (2) there was no defense strategy that could benefit him based on her review of the discovery; • misadvised McCoy that (1) it was not important that he did not have counsel at the preliminary hearing and (2) the prosecution did not have to disclose the identity of the confidential informants; • failed to discuss with McCoy a possible conflict of interest based on her prior representation of his ex-girlfriend; • failed to advise McCoy that the sentence in the plea agreement was in the aggravated range and drug treatment would not be available in prison until 2020 due to the lengthy sentence; • told McCoy and others that McCoy had nine prior felonies for the sale and distribution of extensive quantities of drugs — when he only had six prior felonies 
4 involving smaller quantities of drugs — and that, as a result, he would be unable to raise the issue of proportionality of his sentence; • failed to advise McCoy that waiving a presentence report would affect his classification in prison; • misadvised McCoy that the fact that other defendants in the same jurisdiction had received lower sentences on identical charges would have no impact on his plea bargain or sentencing; and • told McCoy that proposed amendments to the felony drug statutes and the new habitual criminal statute would not apply to him. ¶ 6 However, despite citing the appropriate case law, Henry’s motion alleged no facts to establish that McCoy was prejudiced by plea counsel’s alleged deficient performance, as required under Strickland v. Washington, 466 U.S. 668, 687 (1984) (ineffective assistance of counsel claim requires showing (1) that counsel’s performance was deficient and (2) that counsel’s deficient performance prejudiced the defendant). 
5 ¶ 7 The prosecution pointed out this omission in its response to Henry’s motion, arguing that the district court should deny the motion without a hearing because McCoy had failed to allege prejudice — namely, that the outcome of the plea process would have been different had McCoy received competent assistance from plea counsel. After the prosecution highlighted this flaw, Henry filed a reply stating that what McCoy would have done differently had plea counsel been effective was “a difficult question to answer today.” The reply alleged only generally that McCoy “would have selected a different course of action had counsel made a concerted effort” to effectively advise and represent him. ¶ 8 The district court denied McCoy’s 2017 petition without a hearing because it failed to allege prejudice. In its denial order, the court noted that Henry’s motion contained “not one sentence that attempt[ed] to prove that the outcome of the case was prejudiced.” “In each of the claims listed in the 35(c) motion,” the court explained, McCoy “fail[ed] to state that the outcome of the case was altered by [plea] counsel’s allegedly deficient assistance.” The court also emphasized that “[w]riting that a question is difficult and then not answering it certainly d[id] not satisfy” McCoy’s burden, but 
6 instead demonstrated “very little effort to show that the outcome of the proceeding would have been different if [plea] counsel had been effective.” ¶ 9 McCoy appealed the postconviction court’s order denying his claims without a hearing. A division of this court affirmed that order, concluding that “McCoy failed to make any factual allegations to establish that he was prejudiced by plea counsel’s alleged deficient performance.” People v. McCoy, slip op. at ¶ 19 (Colo. App. No. 17CA0590, Feb. 13, 2020) (not published pursuant to C.A.R. 35(e)). C. Second Postconviction Proceeding ¶ 10 In 2021, McCoy filed a pro se Crim. P. 35(c) motion alleging that he had received ineffective assistance from Henry in connection with the 2017 petition. McCoy alleged that Henry had • been unauthorized to practice law in Colorado when he represented McCoy because his license was inactive; • failed to allege facts, which were readily available, that would have established that plea counsel’s performance prejudiced McCoy and that would have prevented the 
7 denial of McCoy’s first postconviction petition without a hearing; and • failed to raise four additional meritorious claims: (1) that plea counsel failed to independently test the substances that McCoy was prosecuted for possessing; (2) that plea counsel misadvised McCoy about his sentencing exposure; (3) that plea counsel failed to investigate the validity of McCoy’s arrest after promising to do so; and (4) that McCoy’s speedy trial rights were violated. ¶ 11 One year after McCoy filed his second postconviction petition, the district court denied it without a hearing. In its order, the court found no merit to McCoy’s allegation that Henry was unauthorized to practice law in Colorado when he represented McCoy. Apparently consulting Office of Attorney Regulation Counsel (OARC) records for Henry, the court referenced disciplinary proceedings from 2007, 2009, and 2015 but determined that those proceedings either predated Henry’s representation of McCoy or “did not serve to suspend . . . Henry’s bar license.” ¶ 12 With respect to McCoy’s contention that Henry was ineffective because he failed to allege facts establishing that plea counsel’s 
8 deficient performance prejudiced McCoy, the district court reframed McCoy’s argument. According to the district court, McCoy instead asserted that the denial of his first postconviction motion was “per se proof” of Henry’s deficient performance. The court rejected this argument, reasoning that it proved too much, because “such logic would grant every non-prevailing party in a case the opportunity to present an ineffective assistance of counsel claim.” Moreover, the court concluded that Henry’s motion “develop[ed] the legal requirement that prejudice to a defendant be demonstrated . . . and the motion assert[ed] . . . a disadvantage to . . . McCoy in the plea bargaining process due to [plea counsel’s] performance.” ¶ 13 Meanwhile, the district court cursorily addressed only one of the four claims that McCoy asserted had merit and should have been raised by Henry: that plea counsel misadvised McCoy about his sentencing exposure. The court found that McCoy’s argument that he would have proceeded to trial had he known he faced a potential sentence of forty-eight years rather than ninety-six years did not account for the possibility of consecutive terms or his exposure to longer sentencing based on his prior convictions. The 
9 court also stated that Henry raised McCoy’s arguments in the first postconviction petition. ¶ 14 The district court ultimately concluded that “McCoy ha[d] not demonstrated that . . . Henry’s performance in presenting the [first postconviction petition] was deficient” or that McCoy would have obtained postconviction relief had Henry been effective. McCoy appeals. II. Timeliness ¶ 15 As an initial matter, all postconviction challenges to a conviction for a non-class 1 felony such as McCoy’s must be raised within three years of the conviction becoming final. § 16-5-402(1), C.R.S. 2023. If a defendant directly appeals a conviction, and it is affirmed, the conviction is final for purposes of section 16-5-402 when the mandate issues in that appeal. People v. Hampton, 857 P.2d 441, 444-45 (Colo. App. 1992), aff’d, 876 P.2d 1236 (Colo. 1994). ¶ 16 But because ineffective assistance of postconviction counsel claims cannot be asserted until the conclusion of the prior postconviction proceeding and section 16-5-402(1) does not, by its terms, allow additional time beyond its three-year period for the 
10 completion of such a postconviction proceeding, such claims will often be filed outside of the three-year window prescribed by section 16-5-402. See People v. Clouse, 74 P.3d 336, 341 (Colo. App. 2002). However, an untimely postconviction claim may be considered if the court finds that the “failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect.” § 16-5-402(2)(d). Thus, a court must assess the timeliness of such an ineffective assistance of postconviction counsel claim under the rubric of justifiable excuse or excusable neglect. Clouse, 74 P.3d at 341. ¶ 17 We review de novo whether the postconviction petition alleged facts that, if true, would constitute justifiable excuse or excusable neglect so as to entitle the defendant to a hearing on that question. People v. Chavez-Torres, 2019 CO 59, ¶ 11. ¶ 18 McCoy’s direct appeal of his conviction was affirmed and became final when the mandate issued on February 9, 2015. Thus, all postconviction challenges to his conviction had to be raised by February 9, 2018, unless McCoy could show justifiable excuse or excusable neglect. § 16-5-402(2)(d). McCoy filed his second postconviction petition on September 10, 2021, necessitating a 
11 showing of justifiable excuse or excusable neglect. However, rather than assessing the timeliness of McCoy’s second postconviction petition under the rubric of justifiable excuse or excusable neglect, Clouse, 74 P.3d at 341, the district court incorrectly stated that the petition was timely because McCoy had filed it less than three years after the conclusion of his first postconviction proceeding. ¶ 19 Notwithstanding the district court’s erroneous timeliness analysis, McCoy’s second postconviction petition sufficiently demonstrated circumstances amounting to justifiable excuse or excusable neglect. McCoy detailed how, at the time that the mandate in his first postconviction proceeding was issued in July 2020, measures responding to the COVID-19 pandemic prevented him from filing his second postconviction petition sooner. Specifically, McCoy cited limited judicial and prison operations and his confinement to his cell for twenty-three hours per day without access to resources needed to prepare his petition. These allegations, if true, would constitute justifiable excuse or excusable neglect, see Chavez-Torres, ¶ 11, and the People do not contest this on appeal. 
12 ¶ 20 In sum, McCoy’s second postconviction petition fell outside the three-year window prescribed by section 16-5-402. The petition, however, pleaded justifiable excuse or excusable neglect sufficient to permit its consideration. III. Henry’s Licensure Status ¶ 21 Turning to the substance of the second postconviction petition, McCoy alleged that Henry was ineffective as postconviction counsel because he was unauthorized to practice law in Colorado when he represented McCoy due to his license being inactive. On appeal, McCoy contends that the district court erred by consulting OARC records and rejecting his claim based on information found in those records. We agree that this issue requires reversing the district court’s order and therefore do not reach McCoy’s remaining contentions. A. Standard of Review and Applicable Law ¶ 22 We review de novo the denial without a hearing of a Crim. P. 35(c) motion. People v. Chalchi-Sevilla, 2019 COA 75, ¶ 8. ¶ 23 A court may deny a defendant’s Crim. P. 35(c) motion without an evidentiary hearing when “the motion, files, and record in the case clearly establish that the allegations presented in the 
13 defendant’s motion are without merit and do not warrant postconviction relief.” Ardolino v. People, 69 P.3d 73, 77 (Colo. 2003); see Crim. P. 35(c)(3)(IV). B. Analysis ¶ 24 Rejecting McCoy’s claim that Henry was ineffective because he was unauthorized to practice law in Colorado, the district court appears to have relied upon OARC records to conclude that “Henry’s license was active during the time he represented . . . McCoy.” Specifically, the court stated that those records revealed disciplinary cases from 2007 and 2009 that predated Henry’s representation of McCoy and a case from 2015 in which Henry received a sixty-day suspension and a one-year period of probation that, according to the district court, “did not serve to suspend . . . Henry’s bar license.” ¶ 25 In his petition, however, McCoy stated that the OARC records for Henry “show that prior to 2017, which is when Henry actually filed McCoy’s postconviction motion, his license status was listed as inactive, thus demonstrating that he was not authorized to act as McCoy’s attorney.” And on appeal, McCoy asserts that the district court misunderstood his argument by focusing on Henry’s 
14 disciplinary cases. According to McCoy, he is “not contending that Henry’s license was rendered inactive due to previous misconduct; he’s contending that it’s inactive because Henry suffers from some disability.”
2 Thus, McCoy argues, “the district court [wa]s . . . mistaken that Henry’s disciplinary history refuted McCoy’s claim.” ¶ 26 We cannot be certain what records the district court consulted in reaching its determination about Henry’s license status because neither its order nor the record on appeal contains this material. It appears most likely to us, however, that the district court consulted Henry’s publicly available online OARC records, Colo. Sup. Ct. OARC, Attorney/LLP Search & Disciplinary History, https://perma.cc/67VT-MCKX, which, as of the date of this opinion, display the following: 2 The People assert that we cannot consider this argument because McCoy raised it for the first time on appeal. According to the People, McCoy did not previously claim “that postconviction counsel’s license was inactive due to a disability, as opposed to a suspension or disciplinary proceedings.” Construing McCoy’s pro se motion broadly, see People v. Bergerud, 223 P.3d 686, 696-97 (Colo. 2010), we note that it alleged that Henry’s “license status was listed as inactive,” an allegation consistent with his claim on appeal that Henry’s license was inactive due to a disability. That McCoy simply provided on appeal the reason behind Henry’s inactive license status does not render his argument inconsistent with the one he outlined in his motion. 
15 Henry’s Online OARC Records ¶ 27 Consistent with McCoy’s description, the OARC records list Henry’s license status as “Disability Inactive.” But those records provide no additional information about this license status, such as 
16 its underlying cause or, more importantly, its timeframe — specifically, whether Henry’s license status was “Disability Inactive” when the district court apparently consulted those records, when Henry represented McCoy, or both. ¶ 28 Because we do not know which records the district court consulted, and because OARC’s online records lack necessary clarity about Henry’s “Disability Inactive” license status, we cannot take judicial notice of them in order to assess the merits of McCoy’s claim. See CRE 201(b)(2) (court may take judicial notice of facts not subject to reasonable dispute that are “capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned”). We therefore cannot say that the information before us refutes McCoy’s allegation that Henry was unlicensed at the time that he filed the 2017 petition.
3 3 Because we cannot take judicial notice of the status of Henry’s law license at the time that he filed the 2017 petition, we need not consider whether, as McCoy argues, it was inappropriate for the court to look beyond the files and records of the case to determine whether McCoy’s factual allegations were untrue. See Crim. P. 35(c)(3)(IV); People v. Smith, 2017 COA 12, ¶ 19; People v. Davis, 2012 COA 14, ¶ 10. 
17 ¶ 29 Of course, as the People point out, it is true that any uncertainty about the status of Henry’s law license at the time that he filed the 2017 motion is not dispositive of McCoy’s claim. Indeed, “a majority of courts have rejected a per se rule that an attorney has provided ineffective assistance to a criminal defendant even when an attorney is suspended or disbarred during a criminal defendant’s trial.” Hodges v. People, 158 P.3d 922, 927-28 (Colo. 2007). And on the record before us (and assuming that Henry was in fact on “disability inactive” status at the time that he filed the 2017 petition), we cannot draw any conclusions as to Henry’s competence during his representation of McCoy. But that is exactly why McCoy’s claim should not have been summarily dismissed. Because McCoy advanced a claim that he received ineffective assistance of counsel based on his attorney’s lack of licensure, the district court should have referred it to the public defender for further investigation as required by Crim. P. 35(c)(3)(V). See People v. Kenny, 30 P.3d 734, 743-44 (Colo. App. 2000) (holding that “if an attorney is less than fully licensed,” a defendant’s claim of ineffective assistance based on the attorney’s status must be 
18 resolved “by applying a case-by-case approach”), overruled on other grounds by West v. People, 2015 CO 5, ¶¶ 45-64. ¶ 30 Accordingly, we must reverse the order denying McCoy’s petition and remand with directions to serve a copy of McCoy’s second postconviction petition and this opinion on the office of the public defender with instructions for the public defender to file a timely response under Crim. P. 35(c)(3)(V). IV. Other Contentions ¶ 31 McCoy also contends that the district court erred by finding that Henry’s performance was not deficient and did not prejudice McCoy, and by refusing to address McCoy’s four remaining claims. Because we conclude that a remand is required to allow the public defender to review McCoy’s petition, we do not reach these contentions. See Chalchi-Sevilla, ¶ 25 (holding that “if a defendant’s pro se Crim. P. 35(c) motion presents at least one potentially meritorious claim, the postconviction court shall provide ‘a complete copy’ of the motion to appointed counsel”). We express no opinion concerning the merits of McCoy’s other contentions or the necessity for an evidentiary hearing. See id. at ¶ 26. 
19 V. Disposition ¶ 32 We reverse the district court’s order and remand the case for further proceedings consistent with this opinion. JUDGE FOX and JUDGE SULLIVAN concur.