23CA0101 Peo v Hogue 08-15-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA0101 Arapahoe County District Court No. 01CR1925 Honorable Joseph Whitfield, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Bradley K. Hogue, Defendant-Appellant. ORDER AFFIRMED Division VII Opinion by JUDGE GOMEZ Tow and Kuhn, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 15, 2024 Philip J. Weiser, Attorney General, Josiah Beamish, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee John T. Carlson, Alternate Defense Counsel, Denver, Colorado, for Defendant-
Appellant 
1 ¶ 1 Defendant, Bradley K. Hogue, appeals the order denying his Crim. P. 35(c) petition for postconviction relief. We affirm. I. Background ¶ 2 In 2002, a jury found Hogue guilty of two counts of sexual assault on a child committed as part of a pattern of abuse, two counts of sexual assault on a child by one in a position of trust committed as part of a pattern of abuse, and indecent exposure. The trial court imposed an aggregate prison sentence of sixteen years to life. A division of this court affirmed in part and vacated in part the judgment of conviction and sentences. See People v. Hogue, (Colo. App. No. 02CA1678, May 13, 2004) (not published pursuant to C.A.R. 35(f)). The division remanded the case for the trial court to vacate the pattern of abuse sentence enhancers on two convictions and to resentence Hogue on those counts. See id. at 14. On remand, the court imposed an aggregate prison sentence of twelve years to life. ¶ 3 In 2008, Hogue filed a pro se Crim. P. 35(c) petition, which the postconviction court summarily denied. A division of this court affirmed the order in part, reversed it in part, and remanded the case for the appointment of counsel and an evidentiary hearing on 
2 some claims. See People v. Hogue, (Colo. App. No. 08CA1525, Apr. 8, 2010) (not published pursuant to C.A.R. 35(f)). The division instructed the postconviction court not to entertain any other claims on remand. See id. at 25. ¶ 4 On remand, the postconviction court found Hogue to be indigent and appointed alternate defense counsel (ADC). After conducting a hearing, the court denied the remanded claims. A division of this court affirmed the order but remanded the case for further proceedings. See People v. Hogue, (Colo. App. No. 12CA0985, Jan. 22, 2015) (not published pursuant to C.A.R. 35(f)). That division reconsidered the prior division’s admonition that the postconviction court not consider any other claims and concluded that the case must be remanded for the court to allow Hogue’s counsel to add claims of arguable merit. See id. at 3-8. ¶ 5 On remand from that appeal, the postconviction court appointed the public defender’s office to represent Hogue. After numerous extensions of time over a period of several years, and eventually a court order allowing no further extensions, the public defender filed a supplemental Rule 35(c) petition in April 2021. The prosecution filed a response in July 2021. 
3 ¶ 6 More than a year later, in August 2022, Hogue moved for substitute counsel, expressing concern over (1) the public defender’s qualifications and experience with regard to postconviction proceedings; (2) the public defender’s failure to maintain adequate contact with him regarding the status of his case; and (3) the lack of progress during the years the public defender had been assigned to represent him. He also deemed the supplemental Rule 35(c) petition to be “very weak” and to contain errors. Hogue requested to be appointed “counsel with significant experience in postconviction or other appellate efforts who [wa]s able to analyze a case record to identify appealable errors and present appellate briefs/arguments to the [c]ourt.” He then listed the specific attorneys with whom he would be satisfied and stated that he “intend[ed] to ask [substitute] counsel to find a way to amend the [s]upplemental 35(c) [p]etition . . . to include other claims that [the public defender] overlooked.” A few weeks later, Hogue moved to stay the proceedings until his motion for substitute counsel could be addressed and substitute counsel could amend his supplemental petition. 
4 ¶ 7 In November 2022, the postconviction court entered an order summarily denying the supplemental Rule 35(c) petition. The court didn’t address the motion for substitute counsel or the motion to stay the proceeding before entering that order. ¶ 8 Subsequently, the public defender moved for clarification on the status of counsel, stating that she’d been unaware of the denial of the supplemental Rule 35(c) petition until Hogue advised her of the order and she’d been unable to access the order because she’d been informed that the public defender’s office had been removed as a party to the case. She noted that Hogue’s motion for substitute counsel remained outstanding and that she’d received no direct order from the court about the public defender’s office having been removed as Hogue’s counsel. She requested clarification as to whether she’d been removed as counsel, and, if so, whether Hogue was required to proceed pro se or would be appointed ADC. ¶ 9 In a January 2023 order, the postconviction court stated: The [c]ourt has reviewed the [m]otion filed by the [o]ffice[] of the [p]ublic [d]efender. To clarify, the [p]ublic [d]efender does not represent [Hogue]. [Hogue] is currently pro se. Interpreting this [m]otion [for clarification] as a request by [Hogue] to have representation, the [c]ourt will find that previous communication 
5 conflict remains and the [c]ourt will appoint [ADC] to represent [Hogue] at this time. ¶ 10 Hogue appealed. II. Analysis ¶ 11 Hogue contends that the postconviction court reversibly erred by (1) forcing him to proceed pro se at a critical stage of the case without obtaining a valid waiver of his right to counsel; (2) failing to adequately inquire into his request for substitute counsel; and (3) denying the supplemental Rule 35(c) petition before resolving his motion for substitute counsel based on a breakdown in communication and affording substitute counsel the opportunity to amend the supplemental petition with new claims. We address each contention in turn. A. Pro Se Representation ¶ 12 In support for his argument that the postconviction court reversibly erred by requiring him to proceed pro se, Hogue relies on the constitutional right to counsel. His reliance is misplaced. ¶ 13 A criminal defendant doesn’t have a constitutional right to counsel in postconviction proceedings under either the United States Constitution or the Colorado Constitution. Silva v. People, 
6 156 P.3d 1164, 1167 (Colo. 2007). Instead, defendants have a limited statutory right to the appointment of postconviction counsel. Id. at 1168; see also §§ 21-1-103, -104, C.R.S. 2023. ¶ 14 The record is not clear as to why the court’s file reflected that the public defender’s office had been removed as a party to the case and that Hogue was acting pro se. While this action is concerning, Hogue has nevertheless failed to demonstrate how he was prejudiced by the purported clerical violation of his statutory right to counsel. Accordingly, he isn’t entitled to any relief on this basis. See Hagos v. People, 2012 CO 63, ¶ 12 (We review preserved nonconstitutional errors under the harmless error standard, under which “reversal is required only if the error affects the substantial rights of the parties.”); People v. Cardenas, 2015 COA 94M, ¶ 18 (“Harmless error analysis generally applies to violations of statutory rights.”); Crim. P. 52(a) (When reviewing for harmless error, “[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.”). B. Inquiry into the Request for Substitute Counsel ¶ 15 Next, Hogue asserts that the postconviction court failed to conduct the required inquiry into his request for substitute counsel. 
7 ¶ 16 We conclude, however, that any error in the postconviction court’s consideration of Hogue’s motion for substitute counsel wouldn’t warrant reversal because the court granted the motion and afforded him the relief requested — the appointment of substitute ADC. See Hagos, ¶ 12; People v. Kelling, 151 P.3d 650, 655-56 (Colo. App. 2006) (a trial court’s failure to inquire into a defendant’s dissatisfaction with appointed counsel is subject to harmless error review); Crim. P. 52(a). C. Supplemental Crim. P. 35(c) Petition ¶ 17 Lastly, we consider whether the postconviction court erred by ruling on Hogue’s supplemental Rule 35(c) petition without first resolving his motion for substitute counsel. Even accepting Hogue’s assertion that the court should’ve addressed his motion for substitute counsel before ruling on the supplemental petition and assuming that, in light of its January 2023 order, the court would’ve found the existence of some conflict between Hogue and the public defender, we perceive no reversible error. ¶ 18 First and foremost, appointed postconviction counsel serves as “captain of the ship” with regard to a defendant’s representation and has final authority to decide which postconviction claims to 
8 pursue in a Rule 35(c) petition — even if the defendant disagrees with that decision. People v. Smith, 2024 CO 3, ¶¶ 26, 30. Accordingly, the public defender had the final authority to decide which claims to raise in the supplemental petition, notwithstanding Hogue’s dissatisfaction with it. ¶ 19 Hogue presents no authority to demonstrate that, after the public defender investigated his case and filed the supplemental Rule 35(c) petition, he would’ve been entitled to the appointment of new counsel for the purpose of raising other assertedly meritorious claims. In fact, if the public defender, as “captain of the ship,” determined that there were no other meritorious claims, then, barring any ineffective assistance of postconviction counsel (which we address below), Hogue wasn’t entitled to new counsel to raise additional claims. See People v. Starkweather, 159 P.3d 665, 667 (Colo. App. 2006) (the limited statutory right to postconviction counsel didn’t entitle the defendant to the appointment of new counsel following the public defender’s determination that the defendant’s pro se petition lacked merit); see also People v. Gresl, 89 P.3d 499, 504 (Colo. App. 2003) (postconviction counsel wasn’t ineffective for moving to withdraw based on a conclusion that the 
9 defendant’s pro se petition lacked merit). Nor was Hogue entitled to demand that a particular court-appointed attorney represent him with his supplemental petition. See Ronquillo v. People, 2017 CO 99, ¶ 18 (even under the constitutional right to counsel, an indigent defendant isn’t entitled to court-appointed counsel of choice); People v. Arguello, 772 P.2d 87, 92 (Colo. 1989) (the constitutional right to counsel doesn’t give an indigent defendant the right to demand a particular attorney). ¶ 20 Furthermore, Hogue hasn’t presented any authority to establish that, had substitute counsel been appointed before the court ruled on the supplemental Rule 35(c) petition, that counsel would’ve been permitted to add additional claims. See Smith, ¶¶ 26, 30; see also Moland v. People, 757 P.2d 137, 144 (Colo. 1988) (The “decision on whether to grant leave to amend an application for postconviction relief to assert a new or different present need” lies with the trial court.). The supplemental petition had been pending for well over a year before Hogue filed his motion for substitute counsel. And in that motion, he admitted that he spoke with the public defender thirty-five to forty times during 2019 and 2020 to “discuss[] various claims and arguments that could be 
10 presented in the supplemental 35(c) [p]etition” and that he knew the supplemental petition was “weak” and contained errors in June 2021, even before the prosecution filed a response. Hogue even acknowledged that substitute counsel would need to “find a way” to amend the supplemental petition. ¶ 21 Lastly, even if substitute counsel had been appointed and permitted to amend the supplemental Rule 35(c) petition to add new claims, Hogue failed to identify the more meritorious claims that substitute counsel would’ve discovered and raised. ¶ 22 Hogue’s underlying complaint appears to be that the public defender’s representation on the supplemental Rule 35(c) petition allegedly constituted ineffective assistance of counsel — an issue he directly hints at for the first time in his reply brief. But we don’t address claims raised for the first time on appeal, see People v. Goldman, 923 P.2d 374, 375 (Colo. App. 1996), or in a reply brief, see People v. Grant, 174 P.3d 798, 803 (Colo. App. 2007). Moreover, such an argument is premature at this time. See People v. Clouse, 74 P.3d 336, 341 (Colo. App. 2002) (“[I]neffective postconviction counsel claims cannot be asserted until after timely postconviction relief proceedings and appeals therefrom are exhausted.”). 
11 III. Disposition ¶ 23 The order is affirmed. JUDGE TOW and JUDGE KUHN concur.