24CA0228 Peo v King 03-20-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0228
Arapahoe County District Court No. 05CR20
Honorable Shay K. Whitaker, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jeffery David King,

Defendant-Appellant.

ORDER AFFIRMED

Division I
Opinion by JUDGE BROWN
J. Jones and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 20, 2025

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Jeffery David King, Pro Se

¶ 1     Defendant, Jeffery David King, appeals the postconviction court's denial of his most recent Crim. P. 35(c) motion.  We affirm.

## I.     Background

¶ 2     In 2006, a jury convicted King of false imprisonment, sexual assault on a child as a crime of violence, and indecent exposure. The trial court sentenced him to an indeterminate term of forty-five years to life in the custody of the Department of Corrections (DOC) on the sexual assault count and concurrent one-year jail terms on the other two counts.  The court also determined that King was a sexually violent predator (SVP).

¶ 3     On direct appeal, a division of this court affirmed King's convictions but vacated his sentence as illegal.  *People v. King*, (Colo. App. No. 06CA1227, Jul. 15, 2010) (not published pursuant to C.A.R. 35(f)) (*King I*).  The mandate was issued on December 29, 2010.  King was resentenced on the sexual assault count to a term of twelve years to life in DOC custody.

¶ 4     In 2015, King filed a pro se Crim. P. 35(c) motion, arguing that his Fourth Amendment right to be free from unlawful searches and seizures had been violated and that the trial court incorrectly designated him an SVP.  The postconviction court denied the

1

motion as successive because King could have raised the issues on direct appeal. King did not appeal.

¶ 5    In May 2019, King filed an identical pro se Crim. P. 35(c) motion, which the postconviction court denied as successive later the same month. King appealed.

¶ 6    In November 2019 and January 2020, while his appeal of the postconviction court's denial of his May 2019 motion was pending, King filed two additional Crim. P. 35(c) motions, both asserting an unlawful revocation of parole. Specifically, he argued that (1) the parole board improperly relied on evidence to revoke his parole that had not been disclosed to him before the hearing; (2) the parole board revoked his parole without first imposing intermediate sanctions as allegedly proposed by his parole officer; and (3) the structure of his parole was unconstitutional. This court granted King a limited remand to allow the postconviction court to address his parole revocation claims.

¶ 7    The postconviction court appointed counsel who filed a supplemental motion in August 2020. Counsel reasserted King's claims from his November 2019 and January 2020 motions, except his claim that the structure of his parole was unconstitutional.

Counsel also made three additional claims regarding King's parole revocation. In a September 2020 order, the postconviction court denied the supplemental motion on the merits without a hearing.

¶ 8 The matter was recertified, the parties filed their appellate briefs, and a division of this court affirmed the September 2020 order. *People v. King*, (Colo. App. No. 19CA1542, Feb. 16, 2023) (not published pursuant to C.A.R. 35(e)) (*King II*). The division deemed abandoned King's claims from his May 2019 motion because he did not reassert them on appeal or otherwise challenge the postconviction court's May 2019 order denying that motion. *Id.* at ¶ 5 n.3. King did not argue on appeal that the postconviction court had neglected to address any claims raised in the November 2019, January 2020, or August 2020 motions.

¶ 9 In 2023, King filed the pro se Crim. P. 35(c) motion at issue. He asserted a claim of ineffective assistance of direct appeal counsel for failure to raise his Fourth Amendment and SVP designation challenges. He also reasserted the claim from his November 2019 and January 2020 motions that the structure of his parole was unconstitutional. The postconviction court denied the motion as successive.

## II.    Analysis

¶ 10    King contends that the postconviction court erred by denying his Crim. P. 35(c) motion as successive.  He asserts that he is entitled to a hearing on his claims because, if true, they establish violations of his constitutional rights.  We disagree.

### A.    Standard of Review

¶ 11    Under Crim. P. 35(c), a defendant may move to set aside his conviction on the ground that it was obtained in violation of his constitutional rights.  Crim. P. 35(c)(2)(I).  A defendant is entitled to an evidentiary hearing on his motion when he alleges facts that, if true, would entitle him to relief.  *White v. Denver Dist. Court*, 766 P.2d 632, 634-35 (Colo. 1988).  A postconviction court may deny a Crim. P. 35(c) motion without a hearing when the defendant's allegations are bare and conclusory; the allegations do not warrant postconviction relief, even if true; the claims raise only an issue of law; or the record directly refutes the defendant's allegations. *People v. Venzor*, 121 P.3d 260, 262 (Colo. App. 2005).  We review de novo a postconviction court's denial of a Crim. P. 35(c) motion without a hearing.  *People v. Cali*, 2020 CO 20, ¶ 14.

## B.    The Motion Is Time Barred

¶ 12    Absent an enumerated exception, section 16-5-402(1), C.R.S. 2024, gives defendants convicted of non-class 1 felonies three years from the date of their convictions to file a Crim. P. 35(c) motion. *Hunsaker v. People*, 2021 CO 83, ¶ 21.  When a defendant directly appeals his judgment of conviction, as King did, the period for seeking postconviction review under Crim. P. 35(c) begins to run when the direct appeal has been exhausted.  *Id.* at ¶ 22.  This is true even if an illegal sentence is subsequently corrected, as it was here.  *Id.* at ¶ 26 (disavowing the notion that, for purposes of the time limitation on Crim. P. 35(c) review, a conviction does not occur until an illegal sentence is corrected).

¶ 13    Accordingly, King had until December 29, 2013 — three years from when the mandate was issued in his direct appeal — to file a Crim. P. 35(c) motion.  Because the motion at issue in this appeal was filed in 2023, it is time barred, unless King demonstrates justifiable excuse or excusable neglect for the late filing.  *See* § 16-5-402(2); *see also People v. Clouse*, 74 P.3d 336, 340 (Colo. App. 2002) ("A defendant must allege in a Crim. P. 35 motion facts that, if true, would establish justifiable excuse or excusable neglect

5

for a belated filing.").  In determining whether justifiable excuse or excusable neglect exists, we must "consider the circumstances existing throughout the entire period from the inception of the conviction in question."  *People v. Wiedemer*, 852 P.2d 424, 441 (Colo. 1993).

¶ 14    King has not alleged facts that, if true, amount to justifiable excuse or excusable neglect for not timely filing his claim of ineffective assistance of direct appeal counsel.  King's conviction became final in 2010.  He has not explained why he waited thirteen years to argue that direct appeal counsel was ineffective for failing to raise his Fourth Amendment and SVP designation challenges.[1]

¶ 15    King has also failed to allege facts that, if true, amount to justifiable excuse or excusable neglect for not timely filing his claim that his parole structure was unconstitutional.  Even assuming such a claim could not arise until King's parole was revoked in July

---

[1] Even giving King the benefit of the doubt that he did not know direct appeal counsel had provided ineffective assistance until the postconviction court denied his 2015 postconviction motion raising these two claims, he still has not explained why he waited another eight years to bring his ineffective assistance of appellate counsel claim.

2019, King has not explained why it took him almost four years to file this postconviction claim.[2]

¶ 16    Thus, we conclude that King's 2023 postconviction motion is time-barred, and we affirm the postconviction court's order on this alternative basis. *See People v. Dyer*, 2019 COA 161, ¶ 39 (An appellate court "may affirm a trial court's decision on any ground supported by the record, whether relied upon or even considered by the trial court.").

C.    The Ineffective Assistance Claim Is Successive

¶ 17    A postconviction court must deny as successive any Crim. P. 35(c) claim that was raised and resolved in, or could have been raised or resolved in, a prior appeal or postconviction proceeding. Crim. P. 35(c)(3)(VI)-(VII).  In other words, Crim. P. 35(c) claims cannot be raised more than once, and they must be raised at the first opportunity, or they are successive.  King could have raised his ineffective assistance of appellate counsel claim in his 2015 Crim.

---

[2] We are aware that King in fact raised this claim in a 2019 postconviction motion, but we conclude that claim was abandoned, as discussed in Part II.D.

7

P. 35(c) motion, but he did not. Thus, we affirm the postconviction court's order that this claim was successive.

### D. The Unconstitutional Parole Structure Claim Was Abandoned

¶ 18 King asserts that his pro se claim that the structure of his parole was unconstitutional is not successive because it was never truly resolved by the postconviction court. True, the postconviction court did not address this claim in its order denying the 2020 supplemental motion. However, this was because postconviction counsel chose not to reraise the claim in the 2020 supplemental motion, which counsel was entitled to do. *See People v. Smith*, 2024 CO 3, ¶¶ 26, 30 (postconviction counsel serves as "captain of the ship" with regard to a defendant's representation and has final authority to choose which postconviction claims to pursue or abandon in a Crim. P. 35(c) motion, even if the defendant disagrees with that decision). Because counsel did not reraise the claim, it was abandoned. *See id.* at ¶¶ 17-23 (claims presented in a pro se Crim. P. 35(c) motion that are not pursued in a supplemental motion by counsel are deemed abandoned). Thus, we affirm the postconviction court's order denying this claim on this alternative ground. *See Dyer*, ¶ 39.

¶ 19    For these reasons, we conclude that the postconviction court did not err by denying King's Crim. P. 35(c) motion without conducting a hearing.

### III.    Disposition

¶ 20    The order is affirmed.

JUDGE J. JONES and JUDGE YUN concur.