The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Anthony R. LANDIS, Defendant–Appellant.

No. 98CA1550.

Colorado Court of Appeals, Div. A.

March 16, 2000.

Certiorari Denied Sept. 18, 2000.

**1166**

Ken Salazar, Attorney General, Matthew S. Holman, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Dana Nichols, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge METZGER.

Defendant, Anthony R. Landis, appeals the trial court's order denying his Crim. P. 35(c) motion. We affirm.

Defendant was charged with second degree burglary, theft, and three counts of being an habitual criminal.

Before trial, defendant filed a motion to dismiss the habitual criminal counts. At the hearing, defendant testified that one of the charged habitual criminal offenses had been reduced from a felony to a misdemeanor under the terms of a plea agreement in Virginia. Defendant also testified that, even though he had served his sentence for this conviction, he had neither confirmed that the conviction had been entered as a misdemeanor nor had he appealed the conviction. Defendant further admitted on cross-examination that the written plea agreement stated that the Virginia court agreed only to consider a recommendation that he receive misdemeanor sentencing for the offense.

The trial court found that no such promise had been made as a part of the plea agreement. Instead, the court found, the Virginia court had agreed only to consider the prosecutor's recommendation for misdemeanor sentencing. Finding that the conviction was for a felony, the court denied defendant's motion.

During the habitual criminal phase of defendant's trial, his counsel from the Virginia case testified that defendant had pled guilty to a felony but had been sentenced under Virginia law to misdemeanor punishment. Thus, counsel concluded, defendant's conviction was for a misdemeanor, not for a felony.

Defendant was convicted of the charged offenses, was adjudicated as an habitual criminal on the basis of a finding that he had sustained three prior felony convictions, and was sentenced to life in prison under the statute then in effect.

Thereafter, defendant appealed all these determinations. During the pendency of that appeal, he received a limited remand to the trial court to determine the nature of the Virginia conviction.

On remand, the trial court conducted a hearing and reviewed the Virginia plea agreement and the sentencing hearing transcript. The court again determined that defendant had been convicted of a felony in Virginia.

A division of this court affirmed that conclusion. *People v. Landis*, (Colo.App. No. 84CA1259, July 6, 1989) (not selected for official publication).

Defendant later filed a Crim. P. 35(c) motion in 1990 seeking a proportionality review of his sentence. This motion was denied by the trial court and was affirmed on appeal. *People v. Landis*, (Colo.App. No. 95CA0292, July 11, 1996) (not selected for official publication).

In February 1998, following a hearing on a motion by defendant, a Virginia trial court determined that, under the terms of the plea agreement, defendant had been convicted of and sentenced for a misdemeanor.

On the basis of this ruling, defendant soon filed a new motion under Crim. P. 35(a) and (c) arguing that the Virginia court decree was newly-discovered evidence constituting sufficient justifiable excuse or excusable neglect to satisfy the requirements of *People v. Wiedemer*, 852 P.2d 424 (Colo.1993). There-

fore, he argued, the court should vacate his sentence and resentence him because the Virginia decree reduced his convictions for previous felonies from three to two.

Following a hearing, the trial court denied defendant's motion as untimely under § 16–5–402, C.R.S.1999. It found that, because defendant had waited almost ten years to attack his Virginia conviction in that state, the current motions were untimely, and no justifiable excuse or excusable neglect existed to excuse the late filings.

The court also found that the issue whether defendant's conviction was a felony or a misdemeanor had been fully litigated and resolved. Therefore, the court found, the determination that defendant's conviction was for a felony was the law of the case and was binding.

■ Defendant contends the trial court erred in determining his Crim. P. 35(c) motion was untimely. Specifically, he argues, the Virginia court decree declaring his felony conviction to be a misdemeanor conviction constitutes newly discovered evidence which is sufficient to justify his assertions of justifiable excuse or excusable neglect. We disagree.

Under § 16–5–402(1), C.R.S.1999, a defendant who is convicted of a felony other than a class one felony in Colorado or *any other state* must bring a collateral attack on the conviction no later than three years after it is obtained. Under the decision in *People v. Fagerholm*, 768 P.2d 689 (Colo.1989), persons such as defendant, whose Virginia conviction was obtained on April 15, 1981, had a five-year grace period, until July 1, 1989, to bring a collateral attack on this conviction in Colorado. Since defendant did not do so, he had to show justifiable excuse or excusable neglect.

■ Relevant factors to be considered in determining whether justifiable excuse or excusable neglect are present include: 1) the existence of circumstances or outside influences preventing a challenge to a prior conviction; 2) the extent to which a defendant having reason to challenge the constitutionality of a prior conviction investigates the va-

lidity of and takes advantage of the available avenues of relief; 3) whether the defendant had a previous need to challenge the conviction; and 4) whether the defendant had any reason to question its validity. *People v. Wiedemer, supra.*

Here, defendant argues that, by challenging the nature of the Virginia conviction in a pre-trial motion, at the habitual phase, and on appeal to this court, he did take advantage of the avenues of relief available to him. However, he did not pursue the most direct and available avenues of relief—a direct appeal or collateral attack of the conviction in the Virginia courts.

Defendant did not seek postconviction relief from the Virginia courts until 1998, some 14 years after the conviction was entered. He does not argue that he was precluded from pursuing such action in Virginia or that any reason existed to excuse the late filing.

Further, defendant was fully aware of the grounds for attacking his Virginia conviction and was on notice from the Virginia providency proceedings that, although he had received a misdemeanor sentence, his conviction might be considered to be a felony conviction. Indeed, defendant repeatedly asserted this argument in different forms in the trial and appellate courts of this state.

Defendant argues, nevertheless, that, because the Virginia court's pronouncement was not announced until 1998, he has shown justifiable excuse or excusable neglect. However, the decree did not issue earlier only because defendant failed to seek relief in the Virginia courts until almost 14 years after his conviction had entered. Under these circumstances, we conclude that defendant has not established justifiable excuse or excusable neglect. Thus, the trial court did not err in denying defendant's Crim. P. 35(c) motion as untimely.

In light of this disposition, we need not address defendant's remaining contentions of error.

The order is affirmed.

Justice KIRSHBAUM * and Judge CRISWELL * concur.