The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Robert AMBOS, Defendant–Appellant.

No. 01CA0414.

Colorado Court of Appeals,
Div. III.

April 25, 2002.

As Modified on Denial of Rehearing
June 13, 2002.

Ken Salazar, Attorney General, Cynthia A. Greenfield, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Sears & Swanson, P.C., Victoria C. Swanson, Lance M. Sears, Colorado Springs, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Robert Ambos, appeals the trial court's order denying his Crim. P. 35(c) motion. We affirm.

Defendant was charged with first degree murder for shooting his girlfriend. On August 12, 1994, pursuant to a plea agreement, defendant pleaded guilty to second degree murder, and the court imposed a stipulated sentence of forty years in the custody of the Department of Corrections.

On October 22, 1996, defendant filed a pro se Crim. P. 35(c) motion claiming ineffective assistance of counsel. In that motion, defendant alleged, among other things, that counsel performed ineffectively by failing to conduct an adequate investigation. On November 19, 1996, the trial court summarily denied defendant's motion.

On April 30, 1997, defendant, through counsel, filed a second Crim. P. 35(c) motion alleging ineffective assistance of counsel. The trial court conducted an evidentiary hearing on the motion and entered an order denying relief on November 18, 1997. Defendant appealed that ruling.

On May 14, 1999, while that appeal was pending, defendant filed the present motion asking that the trial court either reconsider its ruling denying his Crim. P. 35(c) motion or grant him a "new trial based on newly discovered evidence." As grounds for his newly discovered evidence claim, defendant alleged that, in the course of defending himself against a wrongful death claim arising from the same incident for which he was convicted, he learned of a physical evidence analysis, not previously known to plea counsel, that would have supported his assertion that the victim was accidentally shot while trying to prevent defendant from committing suicide. In his motion, defendant referred to information he obtained in November 1998 when an investigator and a forensic scientist concluded, based on the original police reports, autopsy report, and crime scene photographs, and on a deposition in which a police officer recounted information available in the police reports, that the physical evidence was not inconsistent with defendant's assertion.

On May 11, 2000, a division of this court affirmed the trial court's 1997 order denying defendant's second Crim. P. 35(c) motion. *People v. Ambos*, (Colo.App. No. 98CA2044, May 11, 2000)(not selected for official publication).

Thereafter, the trial court conducted an evidentiary hearing on defendant's motion for reconsideration. The trial court denied the motion, finding that it was time barred and unsupported by allegations establishing justifiable excuse or excusable neglect for the delay. Specifically, the court found that defendant had reason to know about plea counsel's allegedly inadequate investigation when defendant filed the two previous Crim. P. 35(c) motions. This appeal followed.

I.

Defendant contends that, because his initial 1996 Crim. P. 35(c) motion was timely filed, his 1999 motion was also timely filed because it "relates back" to the earlier motion. We disagree.

Section 16–5–402, C.R.S.2001, provides, as relevant here, that a defendant has three years from the date of conviction in which to commence a collateral attack absent a showing of circumstances that amount to justifiable excuse or excusable neglect. Thus, in this case, the limitations period expired on August 12, 1997, three years after the entry of defendant's plea.

Contrary to defendant's suggestion, the timely commencement of a collateral attack fails to toll the limitations period with respect to additional postconviction claims

not contained in the timely filed motion. *See People v. Merchant*, 983 P.2d 108, 112–13 (Colo.App.1999). The limitations period of § 16–5–402 would be rendered meaningless if a convicted defendant could circumvent it by filing a timely Crim. P. 35(c) motion containing only conclusory allegations and then supplementing those allegations after the limitations period had expired.

## II.

■ Defendant next contends that his 1999 motion was timely filed because the limitations period was tolled during the pendency of the appeal from the trial court's ruling denying his timely filed 1997 Crim. P. 35(c) motion. Again, we disagree.

Where a defendant initiates a direct appeal from a conviction, § 16–5–402's three year limitations period does not begin to run until the appeal is exhausted. This rule was created by the supreme court based on an interpretation of the term "conviction" in § 16–5–402. The supreme court reasoned that, without such a rule, a defendant required to file a motion for postconviction relief within three years of conviction might have to choose between the statutory right to appeal and the statutory right to postconviction review. *People v. Hampton*, 876 P.2d 1236, 1240–41 (Colo.1994).

Defendant does not identify a similar rationale that would warrant a tolling the limitations period of § 16–5–402 during the pendency of an appeal from the denial of Crim. P. 35(c) motion. We perceive no justification for such a rule. To the contrary, such a rule would frustrate the purpose of the limitations statute and encourage defendants to extend the limitations period indefinitely by filing a series of postconviction motions and appealing each denial. Accordingly, we reject defendant's tolling argument.

## III.

■ Defendant also contends that the trial court erred in concluding that he had failed to establish justifiable excuse or excusable neglect. We are not persuaded.

Section 16–5–402(2)(d), C.R.S.2001, provides that a court may hear a collateral attack commenced after the three-year period if it "finds that the failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect." In *People v. Wiedemer*, 852 P.2d 424, 441–42 (Colo. 1993), the supreme court set forth the following factors to consider in determining whether a defendant's inaction is attributable to justifiable excuse or excusable neglect: (1) whether circumstances or outside influences prevented a challenge to the prior conviction; (2) whether a defendant who had reason to question the constitutionality of a conviction investigated its validity and took advantage of avenues of relief that were available; (3) whether the defendant either knew that the conviction was constitutionally infirm or had reason to question its validity; (4) whether the defendant had other means of preventing the government's use of the conviction so that a postconviction challenge was previously unnecessary; (5) the time between the date of conviction and the defendant's challenge; and (6) the effect that such period has on the state's ability to defend against the challenge.

■ Whether a defendant has demonstrated justifiable excuse or excusable neglect is a question of fact to be resolved by the trial court, whose ruling we will not overturn if the record supports its findings. *People v. Wiedemer*, supra; see also *People v. Vigil*, 983 P.2d 805, 810 (Colo.App.1999).

We conclude the record supports the trial court's determination, which was based on due consideration of the *Wiedemer* factors, that the information disclosed through civil litigation could have reasonably been discovered before the limitations period expired and that it therefore was not "newly discovered evidence" sufficient to establish justifiable excuse or excusable neglect. *See People v. Landis*, 9 P.3d 1165, 1166–67 (Colo.App.2000)(defendant's "newly discovered evidence" did not constitute justifiable excuse or excusable neglect because defendant could have obtained the information and presented it to the court before the limitations period expired).

## IV.

■ Finally, defendant contends that the trial court erred in not considering, or ruling upon, that part of his May 1999 motion requesting a new trial based on newly discovered evidence. We disagree.

Because a defendant who pleads guilty has been convicted not after trial but upon his or her own admissions, that defendant is not entitled to request a new trial under Crim. P. 33. Rather, that defendant is limited to seeking postconviction relief under Crim. P. 35 to set aside the conviction. While Crim. P. 35(c)(2)(V) authorizes relief based upon newly discovered evidence, *see People v. Schneider,* 25 P.3d 755, 760 (Colo.2001), a claim for such relief is, like all Crim. P. 35(c) claims for relief, subject to the time bar set forth in § 16–5–402.

As we determined in part III, defendant has not shown justifiable excuse or excusable neglect for belatedly seeking relief under Crim. P. 35(c). Consequently, defendant's newly discovered evidence claim is itself barred by § 16–5–402.

The order is affirmed.

Judge NEY and Judge ROY concur.