23CA1137 Peo v Hall 07-18-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1137 Mesa County District Court No. 15CR351 Honorable Gretchen B. Larson, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Clinton Rafael Hall, Defendant-Appellant. ORDER AFFIRMED Division VI Opinion by JUDGE FREYRE Lipinsky and Schutz, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 18, 2024 Philip J. Weiser, Attorney General, Brenna A. Brackett, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Clinton Rafael Hall, Pro Se 
1 ¶ 1 Defendant, Clinton Rafael Hall, appeals the district court’s May 16, 2023, order denying his most recent Crim. P. 35(c) motion without a hearing. We affirm. I. Background ¶ 2 Hall pleaded guilty to two counts of class 3 felony sexual assault on a child by one in a position of trust, in exchange for the dismissal of some thirty additional charges and stipulated, indeterminate sentences in the custody of the Department of Corrections. The district court accepted the plea and sentenced Hall on October 6, 2015. Although the written Request to Plead Guilty (Rule 11 advisement) indicated that Hall’s crimes carried mandatory parole terms of five years, the district court advised him that the crimes carried indeterminate parole periods of twenty years to life, which the court then imposed. ¶ 3 In 2018, Hall timely filed a Crim. P. 35(c) motion; however, after the court appointed counsel, Hall withdrew his motion through counsel. ¶ 4 In 2020, Hall filed a pro se “Motion for Illegal Sentence Pursuant to Crim. P. 35(a),” in which he asserted that his sentence was illegal because the district court rejected the five-year parole 
2 terms specified in his request to plead guilty without advising him that he could withdraw his plea as a result. The district court denied the motion, concluding that Hall’s sentence was proper because five years of parole would have been illegal under the relevant statute. The court also concluded that, to the extent Hall was claiming he had not been properly advised, he was not entitled to relief under Crim. P. 35(a) but might be entitled to relief under Crim. P. 35(c). ¶ 5 A division of this court affirmed the order denying relief, accepting Hall’s concession that his indeterminate parole period was authorized by law and rejecting — as untimely — his appellate assertion that his sentence was imposed in an illegal manner. People v. Hall, (Colo. App. No. 20CA0978, Apr. 21, 2022) (not published pursuant to C.A.R. 35(e)). ¶ 6 In April 2023, Hall filed another postconviction motion, this one captioned “Motion for Illegal Sentence Pursuant Crim. P. 35(c).” The motion was substantively identical to his 2020 Crim. P. 35(a) motion. However, in an attachment labeled “Addendum,” Hall asserted that “[c]ircumstances beyond [his] control . . . created the lateness of this motion.” In particular, he asserted that his 
3 postconviction counsel who withdrew his 2018 Crim. P. 35(c) motion failed to understand his claims. And he asserted that “[t]he ineffectiveness of all the councils [sic] and the unethical presentation of an illegal plea agreement [a]ffected the outcome of the proceedings.” Last, he asserted that his ignorance of the law should excuse his late filing. ¶ 7 On May 1, 2023, the district court denied Hall’s motion on the basis that it was successive to his previously withdrawn 2018 Crim. P. 35(c) motion. Hall did not timely appeal the court’s May 1 ruling. ¶ 8 Instead, on May 15, Hall filed a “Motion for Postconviction Relief Pursuant to Crim. P. 35(c),” in which he claimed that (1) his plea counsel misadvised him about the period of parole, rendering his guilty plea “unknowing and unwilling”; and (2) his guilty plea was entered “under coercion and undue influence.” ¶ 9 The district court denied the May 2023 motion, again on the basis that it was successive to the withdrawn 2018 motion. II. Discussion ¶ 10 On appeal, Hall contends that the district court erred by denying his May 2023 Crim. P. 35(c) motion. He does not appear to challenge the order denying his April 2023 Crim. P. 35(c) motion, 
4 nor could he, given that his notice of appeal would have been untimely as to that order. ¶ 11 Hall claims that the district court erred by concluding that his May 2023 Crim. P. 35(c) motion was successive to his withdrawn 2018 Crim. P. 35(c) motion. Reviewing the matter de novo, People v. Cali, 2020 CO 20, ¶ 14, we conclude that we need not resolve this claim because Hall’s May 2023 Crim. P. 35(c) motion was (1) successive to his April 2023 Crim. P. 35(c) motion and (2) barred by the limitations period set forth in section 16-5-402(1), C.R.S. 2023. See People v. Aarness, 150 P.3d 1271, 1277 (Colo. 2006) (an appellate court may affirm the postconviction court for any reason supported by the record). ¶ 12 With limited exceptions not applicable here, a district court shall deny a Crim. P. 35(c) motion where the claims asserted therein were, or could have been, raised and resolved in a prior postconviction proceeding. See Crim. P. 35(c)(3)(VI)-(VII). As noted, in April 2023, Hall filed a Crim. P. 35(c) motion that the postconviction court denied on May 1, 2023. Instead of appealing the May 1 order denying relief, he filed another Crim. P. 35(c) motion on May 15. The May 2023 motion was successive to the 
5 April 2023 motion. Accordingly, the district court did not err by denying it. ¶ 13 In any event, both Hall’s April and May 2023 motions were barred by the time limitation for collateral attacks upon non-class 1 felony convictions, which requires such attacks to be raised in the first three years after the conviction becomes final. See § 16-5-402(1); see also § 16-5-402(1.5) (“If an appellate court can determine on the face of the motion, files, and record in a case that a collateral attack is outside the time limits specified in subsection (1) of this section, the appellate court may deny relief on that basis, regardless of whether the issue of timeliness was raised in the trial court.”). For purposes of section 16-5-402 and postconviction review, if there is no direct appeal, a conviction becomes final when the district court enters judgment and sentence is imposed. People v. Collier, 151 P.3d 668, 671 (Colo. App. 2006). Because Hall did not pursue a direct appeal, his conviction became final on October 6, 2015, when he was sentenced. Thus, absent circumstances amounting to justifiable excuse or excusable neglect, see § 16-5-402(2)(d), Hall had until October 6, 2018, to file a Crim. P. 
6 35(c) motion. For this reason, the two motions he filed in 2023 were nearly five years late. ¶ 14 In his May 2023 motion, Hall claimed that he “originally filed within the time limits set forth in section 16-5-402(1),” presumably referring to his 2018 Crim. P. 35(c) motion. But the 2018 motion was withdrawn. And, in any event, the timely filing of a collateral attack does not toll the limitation period for later filed postconviction motions. See People v. Clouse, 74 P.3d 336, 339 (Colo. App. 2002); People v. Ambos, 51 P.3d 1070, 1072 (Colo. App. 2002). Hall made no allegations of justifiable excuse or excusable neglect in his May 2023 motion. ¶ 15 Although Hall made some of these allegations in his April 2023 motion, the allegations would have been insufficient even if the order denying that motion were properly before us. ¶ 16 A Crim. P. 35(c) motion must allege facts that, if true, would establish justifiable excuse or excusable neglect to entitle the moving party to a hearing on the applicability of this exception to the section 16-5-402 time bar. People v. Hinojos, 2019 CO 60, ¶ 17; People v. Wiedemer, 852 P.2d 424, 440 n.15 (Colo. 1993). And a defendant claiming justifiable excuse or excusable neglect must 
7 account for the entire period of his delay. See Wiedemer, 852 P.2d at 441 (explaining that, when deciding whether a defendant has shown justifiable excuse or excusable neglect, a court should “consider the circumstances existing throughout the entire period from the inception of the conviction in question”). ¶ 17 Hall’s allegation in his April 2023 addendum that his 2018 postconviction counsel misunderstood the claim he wished to raise at that time does nothing to account for the fact that Hall waited until 2023 to file motions for Crim. P. 35(c) relief. Nor does his claimed ignorance of the law excuse the untimeliness of his Crim. P. 35(c) motions. People v. Green, 36 P.3d 125, 128 (Colo. App. 2001) (“Ignorance or misunderstanding of the law and lack of legal assistance does not excuse the late filing of a Crim. P. 35(c) motion.”). And his claim that “[t]he ineffectiveness of all the councils [sic] and the unethical presentation of an illegal plea agreement [a]ffected the outcome of the proceedings” is too bare and conclusory to establish why he waited nearly five years from the expiration of the filing deadline to file his 2023 motions. III. Disposition ¶ 18 The order is affirmed. 
8 JUDGE LIPINSKY and JUDGE SCHUTZ concur.