23CA0291 Peo v Potter 07-10-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0291
Las Animas County District Court Nos. 17CR20 & 17CR219
Honorable Scott B. Epstein, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Clark Newman Potter,

Defendant-Appellant.

---

ORDERS AFFIRMED

Division III
Opinion by JUDGE BROWN
Dunn and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 10, 2025

---

Philip J. Weiser, Attorney General, Josiah Beamish, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Patrick R. Henson, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Clark Newman Potter, appeals the district court's orders denying his identical motions for postconviction relief filed in two separate cases, Las Animas County case numbers 17CR20 and 17CR219.  We affirm, although we do so on different grounds than those on which the district court relied.  *See People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010).

## I.     The Guilty Pleas and Sentencing

¶ 2     In a plea disposition resolving three criminal cases, Potter pleaded guilty to one count of conspiracy to commit second degree burglary and one count of first degree trespass in case number 17CR20 and one count of conspiracy to commit second degree burglary in case number 17CR219.  In exchange, the prosecution agreed to dismiss the remaining charges in each of these cases and a third case in its entirety.  The prosecution further agreed not to bring charges related to an alleged 2017 evidence room break-in.

¶ 3     The parties stipulated to consecutive, aggravated sentences totaling thirty years.  And Potter agreed to admit facts related to several prior convictions for the purposes of any future criminal prosecution.

1

¶ 4     On July 26, 2018, the district court accepted the pleas and proceeded directly to sentencing, imposing the sentences contemplated by the plea agreement.  Potter did not appeal.

## II.     Postconviction Proceedings

¶ 5     A few months after sentencing, Potter filed Crim. P. 35(b) motions for sentence reconsideration in both cases, referencing mitigation evidence, noting his progress while incarcerated, and discussing his support systems.  The district court denied the motions.

¶ 6     Then, in 2019, Potter filed a pro se "Motion to Grant Postconviction Relief" in both cases.  He asserted that he was "entitled to a sentence reduction" under section 18-1-410, C.R.S. 2024, "due to being coerced into a plea agreement under threat of being convicted under habitual criminal status."  The district court denied these motions as well, finding, among other things, that "the suggestion that [there] was coercion is simply not true."  Potter did not appeal.

¶ 7     On July 30, 2021, the district court received Potter's form "Petition for Postconviction Relief Pursuant to Crim. P. 35(c)," which was filed in both cases (the form petition).  Potter dated the form

petitions July 21, 2021, and checked four boxes indicating the grounds for the petitions as follows:

- "the conviction was obtained or sentence imposed in violation of the Constitution or laws of the United States or the constitution or laws of this state";

- material facts existed, not previously presented and heard, which could not have been known to or learned by him or his attorney by the exercise of reasonable diligence prior to the submission of the issues to the jury, and which required vacatur of the conviction or sentence in the interest of justice;

- any "ground otherwise properly the basis for collateral attack upon a criminal judgment"; and

- "the sentence imposed has been fully served or that there has been an unlawful revocation of parole, probation, or conditional release."

The following statement was typed on the form: "Defendant hereby incorporates by reference his brief [in] support of petition for postconviction relief pursuant to Crim. P. 35(c)." No brief was received with the form petition.

3

¶ 8    On August 6, 2021, the district court received Potter's lengthy "Brief in Support of Petition for Postconviction Relief." This pleading, which Potter represented had been "respectfully submitted" on July 29, 2021, claimed that (1) his conviction was the product of ineffective assistance of counsel, including deficient plea negotiations and advice; (2) his sentence was disproportionate to his crime; and (3) his plea was not voluntary, knowing, and intelligent.

¶ 9    The district court appointed postconviction counsel, who filed a supplemental Crim. P. 35(c) motion titled, "Motion for Proportionality Review." Counsel did not substantively address each of Potter's pro se claims but did request a hearing on them, asserting that they were sufficient to warrant one. Counsel focused the supplement on a request for a proportionality review of Potter's sentence.

¶ 10    After receiving the prosecution's response, the district court solicited proposed orders from the parties. The court explained that it was particularly "interested to understand why [postconviction counsel] did not elaborate on [Potter's] pro se claims, and whether,

in her professional opinion, further elaboration was not appropriate."

¶ 11    Postconviction counsel submitted a proposed order stating that plea counsel's failure to investigate an alternate suspect regarding the conspiracy to commit burglary charge in 17CR219 "merits teasing out at an evidentiary hearing." The proposed order also stated that trial counsel's failures to investigate and advise Potter "of his possible defenses at trial — including that of alibi and alternate suspects — as well as the strengths or weaknesses of the prosecution's evidence, are serious enough that an evidentiary hearing is warranted." But postconviction counsel's proposed order conceded that "Potter's other claims of ineffective assistance of counsel" and his request for a proportionality review "are not supported by sufficient facts to warrant a hearing."

¶ 12    The district court denied relief in a written order. The court first concluded that the motion was timely pursuant to section 16-5-402, C.R.S. 2024. The court then noted that postconviction counsel had withdrawn most of the claims in the pro se petition "as not warranting further review." And the court rejected the

remaining claims on the basis that the motion, files, and record of the case clearly established that the allegations were without merit.

## III. Standard of Review

¶ 13 We review de novo a district court's denial of a Crim. P. 35(c) motion without a hearing. *People v. Phipps*, 2016 COA 190M, ¶ 20. We also review de novo whether a Crim. P. 35(c) claim is time barred or successive. *People v. Bonan*, 2014 COA 156, ¶ 16.

## IV. The Statutory Time Limitation

¶ 14 The People assert that Potter's Crim. P. 35(c) claims were untimely under section 16-5-402(1). We agree.

¶ 15 With limited exceptions not alleged here, a postconviction motion challenging a non-class 1 felony conviction under Rule 35(c) must be filed within three years of the date the defendant's conviction becomes final. § 16-5-402(1). When there is no direct appeal, a conviction becomes final when the trial court enters judgment and sentence — here, July 26, 2018. *People v. Collier*, 151 P.3d 668, 671 (Colo. App. 2006) ("For purposes of [section] 16-5-402 and postconviction review, if there is no direct appeal, a conviction occurs when the trial court enters judgment and sentence is imposed.").

¶ 16    Potter was convicted of class 4 and 5 felonies and did not file a direct appeal.  Thus, the parties agree that Potter had until July 26, 2021, to file his Crim. P. 35(c) claims.  The district court received Potter's form petition on July 30, 2021.

¶ 17    Even so, Potter argues that his form petition was dated five days *before* the expiration of the three-year deadline, so he "timely initiated his pro se petition for postconviction relief."  Potter is correct that, because he is an inmate, his form petition was arguably timely filed even though it wasn't received by the district court until after the expiration of the deadline.  *See* Crim. P. 45(f) ("A document filed by an inmate confined in an institution is timely filed with the court if deposited in the institution's internal mailing system on or before the last day for filing.  If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.").[1]

¶ 18    But the form petition asserted only generic and conclusory claims.  Potter's brief in support of his petition — which contained

---

[1] We say "arguably timely filed" because the record does not reflect when Potter deposited his form petition in the internal mailing system of the facility where he is incarcerated.

his specific claims — was dated July 30, 2021. This was four days *after* the expiration of the three-year deadline. And Potter did not allege any exception to the time bar in his petition or brief. *See* § 16-5-402(2)(a)-(d) (setting forth an exclusive list of exceptions to the time limitation in subsection (1)); Crim. P. 35(c)(3)(I) ("Any motion filed outside of the time limits set forth in [section 16-5-402(1)] shall allege facts which, if true, would establish one of the exceptions listed in [subsection] (2).").

¶ 19    True, Potter purported to "incorporate[] by reference" his untimely claims in his form petition. But divisions of this court have held that "the timely commencement of a collateral attack fails to toll the limitations period with respect to additional postconviction claims not contained in the timely filed motion." *People v. Ambos*, 51 P.3d 1070, 1071-72 (Colo. App. 2002); *see also People v. Stovall*, 2012 COA 7M, ¶ 33 n.3 (noting that "there is no authority, whether statute, rule, or appellate opinion, that recognizes a 'tolling' of the time limit contained in section 16-5-402(1)"); *People v. Merchant*, 983 P.2d 108, 112 (Colo. App. 1999) (rejecting the view that a collateral attack "commenced within the applicable time period" tolls the limitations period in section

16-5-402(1)).  And although the defendants in *Ambos* and *Stovall* filed their postconviction motions years or months after the expiration of the limitations period in section 16-5-402 — as opposed to the days-long delay here — the limitations period would be "rendered meaningless" if a defendant could circumvent it by filing a timely Rule 35(c) form petition containing only conclusory claims and then adding specific claims after the limitations period has expired.  *Ambos*, 51 P.3d at 1072; *see M.T. v. People*, 275 P.3d 661, 664 (Colo. App. 2010) ("Courts should strive to avoid statutory constructions that would render a statute meaningless."), *aff'd,* 2012 CO 11.

¶ 20    Thus, we conclude that the Crim. P. 35(c) claims contained in both Potter's "Brief in Support of Petition for Postconviction Relief" and postconviction counsel's supplement were time barred.  *See* § 16-5-402(1.5) ("If an appellate court can determine on the face of the motion, files, and record in a case that a collateral attack is outside the time limits specified in subsection (1) of this section, the appellate court may deny relief on that basis, regardless of whether the issue of timeliness was raised in the trial court.").

## V.    Successiveness

¶ 21    Even if Potter's Crim. P. 35(c) claims were not time barred, we conclude that they are successive.

¶ 22    Rule 35(c) requires that the district court deny any postconviction claim that was or could have been presented in a prior postconviction proceeding.  Crim. P. 35(c)(3)(IV), (VII).

¶ 23    Potter filed postconviction motions in both cases in 2019, raising claims related to his plea agreement and seeking a sentence reduction.  The claims Potter asserted in his 2021 motion — relating to ineffective assistance of trial counsel, the voluntariness of his plea, and the proportionality of his sentence — either were or could have been raised in his 2019 motions.  Thus, the district court should have denied them on that basis as well.  *See id.*

## VI.    Disposition

¶ 24    The orders are affirmed.

JUDGE DUNN and JUDGE SCHOCK concur.